JMB USAO# 2024R00170
hmg.5.27.25

**SEALED**



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. BAH 25cr226 |
| | * |
| TAMIKA NICOLE JONES, | * (Wire Fraud, 18 U.S.C. § 1343; |
| | * Aggravated Identity Theft, 18 U.S.C. |
| Defendant. | * § 1028A; Mail Fraud, 18 U.S.C. § 1343; |
| | * Forfeiture, 981(a)(1)(C), 21 U.S.C. |
| | * § 853(p), 28 U.S.C. § 2461(c)) |
| | * |
| | * |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNTS ONE TO EIGHT
(Wire Fraud)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

1. Defendant **TAMIKA NICOLE JONES** ("**JONES**") was a resident of Washington, D.C.

2. Maryland Department of Labor ("MD-DOL") was the state workforce agency ("SWA") that operated the unemployment insurance ("UI") system in Maryland.

3. The individual with the initials T.H. was a real person living in Maryland. The individuals E.J., D.O., L.C., R.M., M.B., and J.S. (collectively "Identity Victims") were real persons living outside of Maryland.

4. Bank of America ("BOA") was a bank headquartered in Charlotte, North Carolina. BOA was a financial institution within the meaning of 18 U.S.C. § 20. BOA had contracted with Maryland to distribute UI benefits to claimants during the Coronavirus Disease 2019 ("COVID-19") pandemic.

5. MD-DOL UI claims were received by MD-DOL using computer servers located outside of Maryland and information regarding the claims was transmitted by interstate wire communications to servers inside of Maryland.

**Background on Maryland Unemployment Insurance**

6. UI was a joint state and federal program that provided monetary benefits to eligible beneficiaries. UI payments were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Beginning in or around March 2020, in response to the COVID-19 pandemic, several federal programs expanded UI eligibility and increased UI benefits.

7. In Maryland, those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, Social Security Number ("SSN"), and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. MD-DOL relied upon the information in the application to determine UI benefits eligibility.

8. Once an application was approved, the MD-DOL typically distributed state and federal UI benefits electronically to a BOA debit card, which claimants could use to withdraw funds and/or make purchases. The MD-DOL debit cards were sent via the U.S. Postal Service by BOA to the address the claimant provided. Claimants could activate their debit card via telephone or online.

**The Scheme to Defraud**

9. Beginning in or about May 2020 and continuing through at least in or about June 2021, in the District of Maryland and elsewhere,

**TAMIKA NICOLE JONES,**

the defendant herein, did knowingly devise and intend to devise a scheme and artifice to defraud multiple state workforce agencies, including the State of Maryland, the Identity Victims, and other victim individuals, to obtain money by means of materially false and fraudulent pretenses,

3

representations, and promises, *to wit*, providing false information about the Identity Victims' contact information, addresses, employment status, work history, wages, and eligibility for UI benefits.

### The Purpose of the Scheme to Defraud

10. It was the purpose of the scheme to defraud for **JONES** to personally enrich herself by fraudulently obtaining and attempting to obtain UI benefits for her own benefit.

### Manner and Means of the Scheme to Defraud

It was part of the scheme to defraud that:

11. **JONES** obtained, possessed, and transferred the personal identifiable information of the Identity Victims and other victim individuals without lawful authority.

12. **JONES** used and caused to be used the Identity Victims' identifiable information in UI applications, such as name, date of birth, and SSN, without lawful authority.

13. **JONES** submitted and caused to be submitted, by interstate wire communications from Maryland and elsewhere, fraudulent UI applications to state workforce agencies.

14. **JONES** prepared, submitted, and caused the preparation and submission of false and fraudulent Maryland UI applications that misrepresented the Identity Victims' contact information, addresses, supposed employment status, work history, wages, and eligibility for benefits.

15. **JONES** caused BOA to mail debit cards intended to provide UI benefits to physical addresses in Maryland and elsewhere, designated by **JONES** and to which **JONES** had access.

16. **JONES** fraudulently caused BOA to load UI funds from the MD-DOL onto debit cards bearing the names of the Identity Victims and other victim individuals.

17. **JONES** obtained and possessed the Maryland UI debit cards issued in the Identity Victims' names.

4

18. **JONES** caused interstate wire communications beginning and ending in Maryland, including when applying for UI benefits, providing information about UI claims within the MD-DOL system, and causing MD-DOL to disburse UI benefits by loading BOA Prepaid debit cards with funds.

19. **JONES** used and attempted to use the BOA Prepaid debit cards, purportedly issued to the Identity Victims, at one or more Casinos, ATMs, and/or other businesses in Maryland, thereby causing interstate wire communications that began in Maryland.

## THE CHARGES

20. On or about the dates set forth below, in the District of Maryland and elsewhere,

**TAMIKA NICOLE JONES,**

the defendant herein, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, did knowingly transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signals, signs and sounds, as set forth below:

| COUNT | APPROXIMATE DATE | DESCRIPTION | INTERSTATE WIRE COMMUNICATION DETAILS |
|---|---|---|---|
| 1 | September 15, 2020 | Withdrew funds using BOA Prepaid debit card for fraudulent UI claim associated with **JONES**'s name | From Maryland to location outside Maryland |
| 2 | December 19, 2020 | Withdrew funds using BOA Prepaid debit card for fraudulent UI claim in the name of T.H. | From Maryland to location outside Maryland |
| 3 | July 28, 2020 | Withdrew funds using BOA Prepaid debit card for fraudulent UI claim in the name of E.J. | From Maryland to location outside Maryland |
| 4 | August 4, 2020 | Withdrew funds using BOA Prepaid debit card for fraudulent UI claim in the name of D.O. | From Maryland to location outside Maryland |

| 5 | September 17, 2020 | Withdrew funds using BOA Prepaid debit card for fraudulent UI claim in the name of L.C. | From Maryland to location outside Maryland |
|---|---|---|---|
| 6 | August 4, 2020 | Withdrew funds using BOA Prepaid debit card for fraudulent UI claim in the name of R.M. | From Maryland to location outside Maryland |
| 7 | August 4, 2020 | Withdrew funds using BOA Prepaid debit card for fraudulent UI claim in the name of M.B. | From Maryland to location outside Maryland |
| 8 | November 9, 2020 | Withdrew funds using BOA Prepaid debit card for fraudulent UI claim in the name of J.S. | From Maryland to location outside Maryland |

18 U.S.C. § 1343
18 U.S.C. § 2

## COUNTS NINE THROUGH FIFTEEN
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 8 of Counts One of this Indictment are incorporated here.

2. On or about the dates set forth below, in the District of Maryland and elsewhere,

**TAMIKA NICOLE JONES**,

the defendant herein, did knowingly possess and use, without lawful authority, the means of identification of another person, *to wit*, the Personally Identifiable Information ("PII") of the Identity Victims set forth below, including their names, social security numbers, and dates of birth, knowing that the means of identification belonged to another person, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Wire Fraud, in violation of 18 U.S.C. § 1343, as further described below.

| COUNT | DATE | Victim | DESCRIPTION OF POSSESSION AND USE |
|---|---|---|---|
| 9 | December 19, 2020 | T.H. | Applied to MD DOL for a UI claim using the name, date of birth, and social security number of T.H., during and in relation to Count Two. |
| 10 | July 28, 2020 | E.J. | Applied to MD DOL for a UI claim using the name, date of birth, and social security number of E.J., during and in relation to Count Three. |
| 11 | August 4, 2020 | D.O. | Applied to MD DOL for a UI claim using the name, date of birth, and social security number of D.O., during and in relation to Count Four. |
| 12 | September 17, 2020 | L.C. | Applied to MD DOL for a UI claim using the name, date of birth, and social security number of L.C., during and in relation to Count Five. |
| 13 | August 4, 2020 | R.M. | Applied to MD DOL for a UI claim using the name, date of birth, and social security number of R.M., during and in relation to Count Six. |
| 14 | August 4, 2020 | M.B. | Applied to MD DOL for a UI claim using the name, date of birth, and social security number of M.B., during and in relation to Count Seven. |

| 15 | November 9, 2020 | J.S. | Applied to MD DOL for a UI claim using the name, date of birth, and social security number of J.S., during and in relation to Count Eight. |

18 U.S.C. § 1028A
18 U.S.C. § 2

## COUNT SIXTEEN
### (Mail Fraud)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs 1 through 19 of Counts One of this Indictment are incorporated here.

2. On or about August 22, 2020, in the District of Maryland and elsewhere,

**TAMIKA NICOLE JONES,**

the defendant herein, for the purpose of executing and attempting to execute the scheme and artifice to defraud described above, did knowingly deposit and cause to be deposited, and cause to be sent and delivered by the U.S. Postal Service or private interstate carrier, any matter and thing, according to the direction thereon from the California Employment Development Department, *i.e.* a location outside of Maryland, to Maryland.

18 U.S.C. § 1341
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction of the offenses alleged in Counts One through Eight and Count Sixteen of this Indictment.

### Wire and Mail Fraud Forfeiture

2. Upon conviction of the offenses alleged in Counts One through Eight and Count Sixteen, the defendant,

**TAMIKA NICOLE JONES,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, including, but not limited to, a forfeiture money judgment in the amount of at least $157,271.17 in U.S. currency equal to the proceeds the defendant obtained as a result of the scheme to defraud.

### Substitute Assets

3. If, as a result of any act or omission by the Defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been comingled with other property which cannot be divided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Kelly O. Hayes/JMB*
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson
Date: 7/24/2025

11